X FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 1 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______ DEPUTY



# UNITED STATES DISTRICT COURT

for the

US District of Arizona

Division

Case No. **CV26-06793-PHX-DWL**

*(to be filled in by the Clerk's Office)*

Daniel Tenley

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Syneos Health, Inc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☒ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ,Daniel Tenley |
| Street Address | 1201 W. Grove St, Apt 718 |
| City and County | Boise |
| State and Zip Code | ID, 83702 |
| Telephone Number | 4802903556 |
| E-mail Address | dtenley1@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Syneos Heatlh, Inc |
| Job or Title *(if known)* | Contract Pharmaceutical Company |
| Street Address | 1030 Sync St |
| City and County | Morrisville, Williamsburg |
| State and Zip Code | North Carolina, 27560 |
| Telephone Number | 9198769300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | EEOC |
| Job or Title *(if known)* | |
| Street Address | 3300 N. Central Ave., #690 |
| City and County | Phoenix, Maricopa |
| State and Zip Code | AZ 85012 |
| Telephone Number | 6026405000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

| | |
|---|---|
| Telephone Number | |
| E-mail Address *(if known)* | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Daniel Tenley |
| Street Address | 13213 N. Vandalia Dr,unit 74 |
| City and County | Fountain Hills, Maricopa |
| State and Zip Code | AZ 85268 |
| Telephone Number | 4802903556 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Administrative Procedure Act.

☒ Relevant state law *(specify, if known)*:

Arizona Civil Rights Act

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Construcitve Termination.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

July/August 2022, September 2022, October 2023.

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)* 1971 *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

EEOC

Under the Administrative Procedure Act (APA), the EEOC completely failed to perform a mandatory, non-discretionary duty and engaged in an extreme, unlawful withholding of an administrative action it was required to perform as part of it's due diligence to the Plaintiff.

Specifically, the EEOC failed to perform a thorough review of the Plaintiff's claim, failed to engage in the interview process with both parties, failed to communicate to the Plaintiff in a timely manner, failed to exercise it's authority and subpoena power to preserve evidence for the Plaintiff's cause of action, failed to acknowledge the Plaintiff's and his attorney's communications and requests for information including a reconsideration request, failed to actively seek resolution of the Plaintiff's claims under the ADEA to which the Plaintiff was entitled.

Having relation to the same transaction and occurrence, the Plaintiff wishes to preserve his right to sue the EEOC for their unlawful and extreme failure of a mandated administrative action process to which the Plaintiff was entitled.

I. INTRODUCTION

1. This is an employment discrimination action arising from Defendant's unlawful treatment of Plaintiff because of his age and Defendant's ultimate termination of Plaintiff's employment.
2. Plaintiff was a qualified and experienced employee who performed his job successfully and generated objectively measurable results for Defendant.
3. Despite Plaintiff's satisfactory and objectively documented performance, Defendant subjected Plaintiff to discriminatory treatment because of his age and ultimately constructively terminated his employment.
4. Defendant has asserted, or is expected to assert, that Plaintiff's claim is invalid based upon alleged performance deficiencies. That explanation is false and pretextual.
5. Plaintiff's actual performance records, objective performance metrics, work history, and the absence of any meaningful performance-improvement process contradict Defendant's anticipated explanation.
6. In particular, Defendant's characterization of Plaintiff's performance improperly conflates or relies upon subjective scorecards and "ride-along" assessments rather than Plaintiff's actual performance results.
7. Plaintiff was not placed on a performance improvement plan, was not provided a meaningful opportunity to cure alleged deficiencies, and was not treated as an employee whose performance was genuinely believed to warrant corrective action until Defendant's discriminatory treatment culminated in multiple adverse employment actions that placed the Defendant in a position to reluctantly resign.
8. At the same time, Defendant afforded younger employees more favorable treatment and opportunities and subjected Plaintiff to age-related comments and conduct that provide additional evidence of discriminatory intent. Specific facts include: Plaintiff asked for additional/different territory 3 different times during 2 years at Syneos Health. The first "ask" was in July 2022 for the Mesa territory position after representative resigned. The Prescott representative was transferred to the Mesa territory(while on a "letter of warning"). The Plaintiff asked to add Mesa territory to his current territory. The second incident occurred in September 2022. Plaintiff asked for Scottsdale territory after representative resigned. Plaintiff was told by manager, he wanted a "youth movement in the Valley". Plaintiff did not receive Scottsdale territory. The third incident occurred in October 2023. Plaintiff asked for Scottsdale territory after Scottsdale representative again resigned. Plaintiff was denied.

All three incidents allowed much younger employees (below 35) with little to no experience to gain these positions selling a controlled pharmaceutical product.

9. The totality of the circumstances demonstrates that Defendant's asserted performance rationale was not the true reason for its decision. Rather, Plaintiff's age was the determinative reason for the adverse employment action.
10. Plaintiff therefore seeks all relief available under the ADEA, including back pay, front pay or reinstatement as appropriate, compensatory relief to the extent permitted by law, liquidated damages for willful violations, attorneys' fees and costs, equitable relief, and other relief authorized by statute.

IV. ADMINISTRATIVE EXHAUSTION
22. Plaintiff timely presented his claims of age discrimination to the Equal Employment Opportunity Commission ("EEOC").
23. Plaintiff filed a Charge of Discrimination with the EEOC concerning Defendant's discriminatory treatment and termination.
24. The EEOC investigated Plaintiff's charge.
25. Following its investigation, the EEOC issued a determination/non-finding that did not substantiate Plaintiff's allegations.
26. The EEOC's non-finding does not constitute a judicial determination that Defendant did not discriminate against Plaintiff.
27. Plaintiff has satisfied the administrative prerequisites applicable to this action under the ADEA.
28. To the extent required, Plaintiff brings this action within the time permitted by 29 U.S.C. § 626(e).
V. FACTUAL ALLEGATIONS
A. Plaintiff's Employment and Qualifications
29. Plaintiff was an experienced employee with substantial professional experience in his field.
30. Defendant hired Plaintiff because of his experience, qualifications, knowledge, professional ability, and demonstrated capacity to perform the duties of his position.
31. Plaintiff performed the essential functions of his position.
32. During his employment, Plaintiff generated measurable and objectively verifiable work results.
33. Plaintiff's actual performance was inconsistent with Defendant's later characterization that Plaintiff was an underperforming employee.
34. Plaintiff's performance metrics demonstrate that he was capable of meeting or exceeding the objective expectations applicable to his position.
35. Plaintiff's work history also demonstrates that Defendant did not treat Plaintiff as an employee whose performance was deficient to the degree later asserted as a defense to the age-discrimination claim the Plaintiff has put forth.
B. Defendant's Reliance on Subjective "Performance" Evidence
36. Defendant is expected to rely heavily upon certain performance scorecards and/or "ride-along" assessments as justification for its denial in Plaintiff's promotional opportunity and it's justification for age-related treatment, not just to the Plaintiff but to others within the Plaintiff's district.
37. Those assessments do not constitute the same thing as Plaintiff's actual performance results.
38. The scorecards were subjective assessments of particular interactions or "ride-along" events and did not accurately measure Plaintiff's overall performance or objective results.
39. Plaintiff's actual performance metrics provide a materially different picture of his performance than the subjective assessments upon which Defendant relied.
40. Defendant did not reasonably reconcile the subjective assessments with Plaintiff's objective performance results before taking adverse action against Plaintiff.
41. Defendant's selective reliance upon subjective assessments, while disregarding objective evidence favorable to Plaintiff, is evidence that Defendant's asserted performance rationale was not its true reason.
42. Defendant's anticipated reliance upon performance is therefore properly understood as a post hoc justification for an otherwise discriminatory employment decision.
C. Absence of Meaningful Performance-Correction Measures
43. Plaintiff was not placed on a meaningful performance improvement or any corrective action during the course of the Plaintiff's employment.
44. As such, if Defendant's claims were true, the Defendant did not provide Plaintiff with a genuine opportunity to correct the alleged performance deficiencies that Defendant now claims justified it's

adverse action and treatment of Plaintiff.

45. Defendant did not treat the alleged deficiencies as a legitimate performance problem through the ordinary progressive or corrective processes that would reasonably be expected if performance were actually the reason for denying the Plaintiff any promotional opportunities.

46. Defendant's failure to provide Plaintiff with a meaningful opportunity to improve is inconsistent with its later claim that performance was the true reason that Plaintiff was not considered for promotion and was the reason the Plaintiff chose to resign.

47. The discrepancy between Defendant's contemporaneous conduct and its later explanation creates a substantial factual issue regarding pretext.

D. Plaintiff's Leave of Absence

48. During the relevant period, Plaintiff was absent from work on a leave of absence.

49. Plaintiff's leave of absence reduced the period during which his performance could reasonably be evaluated.

50. Defendant nevertheless relied upon performance information without appropriately accounting for the period during which Plaintiff was on leave.

51. Defendant's treatment of Plaintiff's performance data in this respect further undermines the credibility of its purported performance-based explanation.

52. Plaintiff's actual performance before and after the leave of absence, considered in context, does not support Defendant's characterization of Plaintiff as an employee whose performance justified it's adverse treatment of him.

E. Younger Employees Received More Favorable Treatment

53. Defendant treated younger employees more favorably than Plaintiff.

54. Younger employees were given opportunities, consideration, support, and/or favorable treatment that Plaintiff did not receive.

55. Defendant did not apply its purported performance standards consistently to younger employees.

56. Employees who were younger than Plaintiff were treated more favorably notwithstanding circumstances that were comparable to, or materially similar to, circumstances Defendant now cites against Plaintiff.

57. Defendant's inconsistent treatment of younger employees is evidence that the performance rationale asserted against Plaintiff was selectively applied.

58. Plaintiff will identify the relevant comparators and specific instances of disparate treatment through discovery, personnel records, performance records, communications, and testimony.

F. Age-Related Comments and Conduct

59. During Plaintiff's employment, Defendant and/or its decision-makers made comments and engaged in conduct referencing Plaintiff's age, experience, tenure, or perceived age-related characteristics.

60. These comments were not isolated from the employment decision. They occurred in the context of Defendant's treatment of Plaintiff and the decisions concerning his continued employment.

61. Defendant's age-related comments are evidence that Plaintiff's age was a consideration in Defendant's treatment of him.

62. Defendant's statements concerning age, experience, tenure, or related characteristics are particularly significant when considered together with the disparate treatment of younger employees and the weakness and inconsistency of Defendant's stated performance justification.

63. The identity of the individuals who made these comments, the precise statements, the dates, and the surrounding circumstances will be established through discovery and witness testimony.

G. Defendant's Stated Reason Was Pretextual

64. Defendant has asserted, or is expected to assert, that Plaintiff's employment would have been terminated because of performance.

65. Defendant's stated reason is not the true reason for the adverse employment action.

66. The asserted performance rationale is contradicted by Plaintiff's objective performance metrics and employment history.

67. Defendant's reliance on subjective scorecards and ride-along assessments rather than objective performance results further undermines its stated explanation.

68. Defendant's failure to place Plaintiff on a meaningful performance improvement plan is

inconsistent with a genuine performance-based termination.

69. Defendant's failure to afford Plaintiff an opportunity to correct alleged deficiencies is further evidence of pretext.

70. Defendant's treatment of Plaintiff's performance during and around his leave of absence further undermines the asserted rationale.

71. Defendant's more favorable treatment of younger employees demonstrates that the stated performance standards were not consistently applied.

72. Defendant's age-related comments and conduct provide additional evidence of discriminatory intent.

73. The temporal and factual relationship among Defendant's age-related conduct, its treatment of Plaintiff, its treatment of younger employees, and the resulting acts of adverse treatment further supports an inference of discrimination.

74. Taken together, these facts support the reasonable inference that Defendant's asserted performance rationale was a pretext for discrimination based upon Plaintiff's age.

75. Plaintiff will prove that, but for his age, Defendant would not have taken the adverse employment action against him.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

02/16/2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 6/24/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

VII. DAMAGES

89. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered economic losses, including lost wages, lost compensation, lost benefits, lost employment opportunities, and other employment-related damages.

90. Plaintiff has suffered and continues to suffer emotional distress, humiliation, loss of professional dignity, and other non-economic injuries to the extent recoverable under applicable law.

91. Plaintiff is entitled to recover back pay and other monetary losses resulting from Defendant's unlawful conduct.

92. Plaintiff is entitled to appropriate equitable relief, including reinstatement or front pay where reinstatement is not appropriate.

93. Because Defendant's violation of the ADEA was willful, Plaintiff is entitled to liquidated damages as provided by 29 U.S.C. § 626(b).

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation costs pursuant to 29 U.S.C. § 626(b).

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Tenley respectfully requests that the Court enter judgment in his favor and against Defendant and award:

A. Back pay and lost compensation; ($90,000 + $35,000 Bonus=$125,000)
B. Lost benefits and other employment-related economic damages; ($35,000)company car, health, 401k
C. Front pay and/or reinstatement, as appropriate; ($90,000 + $35,000 Bonus=$125,000)1 year
D. Liquidated damages pursuant to 29 U.S.C. § 626(b) based upon Defendant's willful violation of the ADEA; ($300,000) Statute.
E. Equitable relief necessary to effectuate the purposes of the ADEA; ($130,000+$45,000Bonus+35,000Car/Health/401k)*12=$2,520,000 million. Age 53-65.
F. Reasonable attorneys' fees and litigation expenses; ($3,105,000*30%)=$931,500. Approx
G. Pre-judgment and post-judgment interest as permitted by law;
H. Costs of suit(TBD); and
I. Such other and further relief as the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/16/2026

Signature of Plaintiff: Daniel Tenley

Printed Name of Plaintiff: DANIEL TENLEY

**B. For Attorneys**

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/16/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff DANIEL TEMLEY

**B. For Attorneys**

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________

Gmail

Daniel Tenley <dtenley1@gmail.com>

---

**Time-Sensitive EEOC Final Decision for EEOC Charge 540-2024-02097 / Decisión final urgente de la EEOC por el cargo 540-2024-02097**

---

**EEOC** <no-reply@service.eeoc.gov> Wed, Jun 24, 2026 at 7:43 AM
To: "Mr. Daniel Tenley" <dtenley1@gmail.com>, "Cameron Squires Esq." <cameron@thecameronlawgroup.com>

**U.S. Equal Employment Opportunity Commission**

The Equal Employment Opportunity Commission (EEOC) has issued a final decision regarding EEOC Charge 540-2024-02097, which can be found in the document titled **DETERMINATION AND NOTICE OF RIGHTS** in the EEOC Public Portal. This email, as well as the DETERMINATION AND NOTICE OF RIGHTS, is official notice that the EEOC has dismissed the above-referenced EEOC charge and that the Charging Party has the right to sue the respondent(s) on this charge in court within 90 days of receipt of this notice. The DETERMINATION AND NOTICE OF RIGHTS also provides additional information related to filing suit under the laws enforced by the EEOC, including important time limits. Please note that the 90-day deadline for Charging Party to file a lawsuit is set by law and failure to file a lawsuit in that time may result in the inability to move forward with a lawsuit.

**You should log into the EEOC Public Portal, download and read the DETERMINATION AND NOTICE OF RIGHTS as soon as possible. You should also keep a record of the date you received this notice and save the downloaded DETERMINATION AND NOTICE OF RIGHTS.**

This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 540-2024-02097. Please do not reply to this email.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (800) 669-4000 and destroy all copies of the original message and attachments.*

La Comisión para la Igualdad de Oportunidades de Empleo (EEOC, por sus siglas en inglés), ha emitido una decisión final con respecto al cargo de dicha Comisión 540-2024-02097, que se encuentra en el documento titulado **Determinación y Notificación de Derechos** en el Portal Público de la EEOC. Este correo electrónico, así como la Determinación y Notificación de Derechos, es un aviso oficial que indica que la EEOC ha desestimado el cargo mencionado anteriormente y que la parte acusadora tiene derecho a demandar a los responsables de este cargo en un tribunal en los 90 días posteriores a la recepción de este aviso. La Determinación y Notificación de Derechos también proporciona información adicional relacionada con la presentación de la demanda bajo las leyes aplicadas por la EEOC, incluyendo límites de tiempo importantes. Por favor, tenga en cuenta que la fecha límite de 90 días para que la parte demandante presente la demanda está determinada por ley y que, en caso de no presentarla en ese plazo, podría dar como resultado la incapacidad de seguir adelante con esta.

**Debe registrarse en el Portal Público de la EEOC, descargar y leer la Determinación y Notificación de Derechos lo antes posible. Además, debería tomar nota de la fecha en la que recibió este aviso y guardar la Determinación y Notificación de Derechos descargada.**

Este correo electrónico es una notificación oficial de la EEOC relacionado con el cargo 540-2024-02097. Por favor, no responda a este correo electrónico.